OPINIONS OF THE SUPREME COURT OF OHIO
       The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
       Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
       NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Akron Bar Association v. Brustoski.
[Cite as Akron Bar Assn. v. Brustoski (1994),      Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Permanent disbarment --
       Illegal conduct involving moral turpitude -- Conduct
       adversely reflecting on fitness to practice law --
       Engaging in conduct involving dishonesty, fraud, deceit or
       misrepresentation -- Conduct prejudicial to the
       administration of justice -- Theft of money and drugs from
       evidence vault in office of Summit County Clerk of Courts.
       (No. 93-2531 -- Submitted January 26, 1994 -- Decided
March 23, 1994.)
       On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-10.
       In a complaint filed on February 16, 1993, relator, Akron
Bar Association, charged respondent Warren Paul Brustoski, also
known as Brustosky, of Akron, Attorney Registration No.
0041112, with four counts of disciplinary violations.  These
offenses occurred when respondent stole money and drugs from an
evidence vault in the office of the Summit County Clerk of
Courts.  In his answer, respondent admitted the allegations
except for the amount of money stolen, and the parties later
stipulated to that amount.
       On November 17, 1993, a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
("board") held a hearing on the matter.  The complaint, answer,
and evidence at the hearing established that respondent worked
for the Summit County Clerk of Courts from February 1989 until
May 1991.  In May 1991, respondent entered private practice,
but he periodically visited the clerk's office at the Summit
County Court of Appeals and used his friendship with two court
employees to secure access to the evidence vault.  Respondent
stole a total of $6,611.88 in currency and, on at least five
occasions, a quantity of cocaine.  Respondent also stole an
undetermined amount of marijuana.  In June 1992, a hidden
camera in the vault photographed respondent stealing cocaine.
Police immediately arrested respondent and found more than
thirty grams of cocaine on him.  A thirteen-count indictment

followed.

In December 1992, the Summit County Common Pleas Court, after accepting respondent's guilty pleas and dismissing six of the counts, sentenced respondent to one and one-half years for theft of currency, three to fifteen years, including three years, actual incarceration, for aggravated trafficking of drugs, and one and one-half years for each of five counts of theft of drugs, the terms of imprisonment to run concurrently.1  The court also imposed a $5,000 fine, a restitution award of $6,611.88, and ordered respondent to pay the costs of prosecution.  Respondent remains a prisoner at Marion Correctional Institution.

At his disciplinary hearing, respondent testified that he began using cocaine in 1990.  He eventually developed a $200 to $300 per week cocaine habit, taking cocaine five days a week, partly due to the stress of his mother's suffering a stroke.  Respondent testified that he took drugs only from closed criminal cases, that his actions never compromised a criminal prosecution, and that he alone consumed the drugs he took.  He claimed he never took drugs or money while employed in the clerk's office.

Numerous character references were presented at the hearing, and together with character testimony established that respondent, admitted to practice in 1988, was thought of as an honest, conscientious, and diligent attorney.  "[H]e was well-liked and respected, not only by the legal community but also by non-lawyers[.] * * * None of the witnesses suspected that the respondent was addicted to cocaine. * * * [They] were shocked to learn that he had abused drugs."  Respondent was filled with remorse, and the panel found none of respondent's clients was prejudiced by his conduct.

The panel found that respondent had violated DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law), as charged in all four counts of the complaint.  Respondent had also violated DR 1-102(A)(4)(dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5)(conduct prejudicial to the administration of justice), as charged in Counts One, Three and Four.  Both relator and respondent recommended an indefinite suspension from the practice of law, and the panel agreed.

The board adopted the findings of fact, conclusions of law, and recommendations of the panel, and further recommended that the costs of the proceedings be taxed to respondent.

Joseph S. Kodish, Ernest R. Stein and Kurt Weitendorf, for relator.

A. Edward Bonetti, Jr., for respondent.

Per Curiam.  We concur with the board's findings of fact, but find disbarment to be the appropriate disciplinary action.  For over one year, respondent abused his positions as a trusted former employee, an attorney, and an officer of the court to commit felonies.  Respondent's offenses disrupted the orderly administration of justice and warranted actual incarceration in prison for at least three years.  Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio.

Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

A.W. Sweeney, Douglas and Wright, JJ., dissent.

FOOTNOTE
1    On January 7, 1993, Brustoski was indefinitely suspended from the practice of law pursuant to Gov.Bar.R. V(5)(A)(3).  In re Brustoski (1993), 65 Ohio St.3d 1486, 604 N.E.2d 1365.

Douglas, J., dissenting.    The relator, Akron Bar Association, the three-person panel of the Board of Commissioners on Grievances and Discipline and the board itself all recommended indefinite suspension of respondent.  I would adopt their recommendation and, therefore, I respectfully dissent.

A.W. Sweeney and Wright, JJ., concur in the foregoing dissenting opinion.